IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HP, INC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. _____ |
| PANASONIC INDUSTRIAL DEVICES § | |
| SALES TAIWAN CO., LTD., § | |
| § | JURY DEMANDED |
| *Defendant.* § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff HP, Inc. ("HP") files this Complaint against Defendant Panasonic Industrial Devices Sales Taiwan Co., LTD. ("Panasonic"), and would respectfully show the Court as follows:

**NATURE OF ACTION**

1. This is a civil action for indemnity arising out of a settlement agreement reached by HP and the State of Utah (and its insurers) for property loss that occurred on October 24, 2019 at Union Middle School in Sandy, Utah.[1]

2. HP seeks full indemnification from Panasonic pursuant to the terms of the Hardware Product Purchase Agreement dated June 3, 2010 and the Novation Agreement dated January 13, 2016 (together, the "Agreements"). Under the Agreements, Panasonic is obligated to fully indemnify HP against claims arising out of Panasonic's products. HP has satisfied its obligations in good faith to the State of Utah, and now seeks to recover those amounts from Panasonic, whose failure to indemnify constitutes a breach of its obligations under the Agreements.

---

[1] Case No. 199920849, *The State of Utah et. al v. HP, Inc., et. al.*; in the Third Judicial District Court in Salt Lake County, Utah.

## PARTIES

3. HP, Inc. is a corporation with its headquarters and principal place of business located in Palo Alto, California.

4. Panasonic Industrial Devices Sales Taiwan Co., LTD., is a Taiwanese company incorporated in Taiwan, and with its principal place of business in 12F, No. 9, SongGao Rd., Taipei 110, Taiwan, R.O.C. HP will serve Panasonic as prescribed by Rule 4(f)(2) of the Federal Rules of Civil Procedure via two separate methods. First, HP has engaged local counsel, Edgar Yen-hsi Chen of Tsar & Tsai Law Firm to personally serve Panasonic. Second, service will be attempted via certified mail return receipt requested.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. HP, as a citizen of California, does not share citizenship with Panasonic, which is a citizen of Taiwan.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2). The Southern District of Texas is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, namely Panasonic negotiated and executed the Agreements containing the indemnity obligations with HP personnel based in Houston, Texas.

7. This Court has personal jurisdiction over Panasonic because by negotiating and executing the Agreements in Houston, Texas, Panasonic purposefully availed itself to the privileges of conducting business in Texas, thereby establishing sufficient minimum contacts to be subject to specific jurisdiction in Texas.

## STATEMENT OF FACTS

**Sanyo Sells to HP and Agrees to Indemnify HP**

8. On June 3, 2010, Sanyo Electric Co., LTD Mobile Energy Company ("Sanyo") and HP entered into a Hardware Product Purchase Agreement ("Hardware Agreement"). *See* **Exhibit 1**. Pursuant to the terms of the Hardware Agreement, Sanyo sold millions of dollars of products to HP for inclusion in HP's computers. Among the millions of dollars of products sold to HP were batteries that were included in HP's computers. HP's procurement group – the group responsible for awarding contracts to suppliers like Sanyo—was located in Houston, Texas.

9. Under the Hardware Agreement, Sanyo agreed to "defend, indemnify, and hold harmless HP . . . from and against any and all claims, demands, causes of action, lawsuits or liabilities (collectively "Claims") arising out of or related to . . . tangible property loss, personal injury or death caused by" any Sanyo product. **Exhibit 1** at § 8.1. Specifically, Sanyo is obligated to "pay all claims, losses and damages, liabilities, judgments, awards, costs and expenses including reasonable attorneys' fees, expert witness fees and bonds incurred by Indemnitees as a result of the Claim, and will pay any award in connection with, arising from or with respect to any such Claim, including any settlement." *Id.* Under the terms of this indemnity agreement, Sanyo agreed to indemnify HP from any claims against HP for property loss associated with an alleged defective battery.

**Panasonic Acquires Sanyo and Agrees to Indemnify HP**

10. In 2009, Panasonic's parent company acquired a 50.2% ownership interest in Sanyo. On or about April 1, 2011, Panasonic's parent company acquired the remaining shares of Sanyo and owned 100% of Sanyo. Thereafter, Panasonic began integrating Sanyo's operations with its own. As part of this acquisition, Panasonic, Sanyo, and HP entered into a Novation Agreement on

January 13, 2016 ("Novation Agreement"). *See* **Exhibit 2.** Under the Novation Agreement, Panasonic agreed to undertake to perform "the terms, conditions and obligations of [Sanyo] under the [Hardware Agreement] and to be bound by the terms thereof in all respects as if [Panasonic] had been a party to the contracts in lieu of [Sanyo]." *Id.* at 2. The Novation Agreement was approved by Greg Shoemaker, HP's Global Head of Supply Chain, Central Direct Procurement Services. Mr. Shoemaker resided in Houston, Texas and signed the Novation Agreement in Houston, Texas. Moreover, Panasonic regularly interacted with HP's procurement group in Houston, Texas, including with Mr. Shoemaker, and Panasonic was aware that the Novation Agreement was being executed by Mr. Shoemaker in Houston, Texas.

11. From 2011 through 2020, Panasonic did millions of dollars of business with HP. Panasonic sold millions of dollars of products to HP for inclusion in HP's computers. Much of that business was conducted with HP's procurement group located in Houston, Texas. During this time period, Panasonic was aware that several of HP's key functions were headquartered in Houston, including Global Procurement, Logistics, and Product Safety. Panasonic was further aware that key HP leadership, like the head of Global Procurement who executed the Novation Agreement at issue in this case, was based in Houston. In fact, it was not uncommon for Panasonic's employees to travel to Houston to discuss business with HP personnel.

**HP is Sued Because of a Defective Panasonic/Sanyo Battery**

12. On March 20, 2020, the State of Utah and its insurers filed suit against HP and others, alleging that on October 24, 2019 an HP product caused property damage in excess of $6 million at the Union Middle School in Sandy, Utah, (the "Utah Litigation"). In the Utah Litigation, the State of Utah alleged that defective batteries in HP Chromebooks that were manufactured by Panasonic/Sanyo (and were not modified by HP) caused the property damage. During discovery

in the Utah Litigation, HP confirmed that the batteries that were in the computers that were the subject of the Utah Litigation were manufactured by Panasonic/Sanyo.

13.  On July 20, 2021, upon discovery of allegations concerning Panasonic's batteries, HP provided a tender of defense notice to Panasonic and Sanyo requesting that Panasonic fulfill its obligation to defend, indemnify, and hold HP harmless against the State of Utah's lawsuit. *See* **Exhibit 3.** Panasonic responded to HP's demand for indemnity on August 23, 2021 claiming that its outside counsel would "respond" to HP's indemnity demand. **Exhibit 4.** That never happened. Despite its contractual obligation to do so, Panasonic has not indemnified HP for the loss that was the subject of the Utah Litigation.

14.  Notably, Panasonic was no stranger to the Utah Litigation, because in addition to suing HP, the State of Utah also directly sued Panasonic in the Utah Litigation. Panasonic was well-aware of the proceedings and contested the Utah Court's jurisdiction over it. It is undisputed that Panasonic had notice of the Utah Litigation.

15.  HP defended itself from allegations against it in the Utah Litigation.  Ultimately, the parties to the Utah Litigation decided to mediate the case to see if it could be resolved.  The mediation was scheduled for March 19, 2025. On February 24, 2025, HP provided notice of the mediation to Panasonic's counsel and invited Panasonic/Sanyo to participate in the mediation, in light of the indemnity obligations owed to HP. See **Exhibit 5**. Panasonic declined to participate in the mediation. **Exhibit 6**.

16.  On March 19, 2025, HP mediated the underlying lawsuit with the State of Utah and settled the Utah Litigation for a confidential amount. This amount has since been paid in full by HP. The settlement was reached in good faith and was reasonable under the circumstances, given the nature of the allegations, the potential exposure of liability in the case, and the costs of continued

litigation.

17. To date, Panasonic has not indemnified HP for the liabilities arising out of the Utah Lawsuit, which is an obvious breach of the Agreements.

## CAUSE OF ACTION I: BREACH OF CONTRACT

18. HP incorporates by reference all the preceding paragraphs.

19. On June 3, 2010, Sanyo and HP entered into the Hardware Agreement, a valid and enforceable written contract.

20. On January 13, 2016, HP, Sanyo, and Panasonic entered into the Novation Agreement, a valid and enforceable written contract that obligated Panasonic to undertake the performance of Sanyo's obligations under the Hardware Agreement.

21. Under the Agreements, Panasonic agreed to "defend, indemnify, and hold harmless HP . . . from and against any and all claims, demands, causes of action, lawsuits or liabilities (collectively "Claims") arising out of or related to . . . tangible property loss, personal injury or death caused by" any Sanyo or Panasonic product. Specifically, Panasonic is obligated to "pay all claims, losses and damages, liabilities, judgments, awards, costs and expenses including reasonable attorneys' fees, expert witness fees and bonds incurred by Indemnitees as a result of the Claim, and will pay any award in connection with, arising from or with respect to any such Claim, including any settlement." **Exhibit 1** at § 8.1.

22. HP fully performed under both Agreements.

23. Despite being notified to tender defense, Panasonic has refused to defend, indemnify, and hold harmless HP in the underlying lawsuit. By failing to perform its obligations under the Agreements, Panasonic has materially breached the Agreements.

24. HP has been damaged as a result of Panasonic's breach, in an amount to be proven at trial.

## CONDITIONS PRECEDENT

25. All conditions precedent have occurred, been performed, or been waived.

## ATTORNEY'S FEES

26. HP seeks recovery of its reasonable attorney's fees as allowed under the Hardware Agreement. *See* **Exhibit 1** at § 8.1.

## DEMAND FOR JURY

27. Plaintiff demands a trial by jury of all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiff prays for the following relief:

1. All actual damages awarded by the trier of fact;

2. Pre- and post-judgment interest at the maximum rate allowable by law;

3. Attorney's fees;

4. All costs of court;

5. Such other costs as are equitable and just; and

6. All other and further relief to which Plaintiff may be entitled, in law, or in equity.

July 22, 2025                                    Respectfully submitted,

                **BECK REDDEN LLP**

                By:  */s/ Alistair B. Dawson*
                   Alistair B. Dawson
                   Texas Bar No. 05596100
                   Federal Bar No. 12864
                   adawson@beckredden.com
                   Fariha Jawed
                   Texas Bar No.  24125292
                   Federal Bar No. 3862159
                   fjawed@beckredden.com
                1221 McKinney, Suite 4500
                Houston, Texas 77010-2010
                Telephone: (713) 951-3700
                Facsimile: (713) 951-3720

                **ATTORNEYS FOR PLAINTIFF HP, INC.**

## CERTIFICATE OF SERVICE

I certify that the forgoing pleading was served in compliance with the Federal Rules of Civil Procedure on July 22, 2025.

                 */s/ Alistair B. Dawson*
                Alistair B. Dawson